## NEW YORK DOCK RY. et al. v. PENNSYLVANIA R. CO.
### No. 7235.

District Court, E. D. Pennsylvania.
Aug. 17, 1932.

Edwin A. Lucas, of Philadelphia, Pa., John Finerty, of Washington, D. C., and Charles E. Cotterill, of New York City, for plaintiffs.

Philip Price, Francis Biddle, and Henry Wolf Bikle, all of Philadelphia, Pa., for defendant.

WELSH, District Judge.

Complainants seek to restrain the defendant from making the following changes in its method of freight rates and deliveries of freight in the area of the port of New York:

"(a) As to shippers and receivers of freight located on Manhattan Island, the Pennsylvania Railroad Company will transport, receive and deliver freight at the places of business of such shippers and consignees throughout the Borough of Manhattan, instead of as at present and for many years at the freight stations located on the waterfronts of Manhattan Island as hereinabove described.

"(b) As to shippers and receivers of freight in the Borough of Brooklyn and Queens, the Pennsylvania Railroad Company will transport, receive and deliver the freight to and from the places of business of such shippers and consignees located throughout Brooklyn, Manhattan and Queens, instead of as at present and as for many years, at the freight stations of the Pennsylvania Railroad Company on the waterfronts of Brooklyn and Queens as hereinabove described.

"(c) Rendition of such new railroad transportation service by the Pennsylvania Railroad Company to and from the places of business of shippers and consignees in the Boroughs of Manhattan, Brooklyn and Queens, instead of to and from the waterfront stations as now and as for a long time heretofore provided, is intended of accomplishment by means of motor truck conveyance between the waterfront yards of the Pennsylvania Railroad Company on the New Jersey side of the harbor and the places of business of shippers and consignees in the Boroughs of Manhattan, Brooklyn and Queens, which such motor trucks will among the other methods move across the harbor under their own power through tunnels and over bridges, using for that purpose the many miles of streets of the Cities of New Jersey and New York."

Complainants aver that such purpose of the defendant constitutes in law an extension and abandonment of its lines of railroad and the operation of additional new lines of railroad for the transportation of interstate commerce contrary to the provisions of section 1 of the Interstate Commerce Act (49 USCA § 1). That act requires application to be made for a certificate of convenience

and necessity for certain purposes therein described.

No answer has been filed to the bill, but a formal motion to dismiss was filed by defendant, averring lack of jurisdiction in this court and denying that the averments in the bill show that the defendant is undertaking or contemplating the extension or abandonment of its line of railroad.

■ The act of Congress creating the Interstate Commerce Commission was passed to vest in the Interstate Commerce Commission the power and responsibility of deciding the questions of railroad management and control enumerated in the act. Section 1 et seq. (49 USCA § 1 et seq.). Within the scope of these enumerated powers and responsibilities the Commission is supreme. Jurisdiction is vested in the United States courts to enjoin under certain circumstances. Is this case one of such circumstances as to warrant the issuance of a preliminary injunction? ·

On a motion for a preliminary injunction the court is of the opinion that, as a general rule, it is a wise policy not to enter fully into the discussion of the merits or demerits of the case. However, a case of such far-reaching importance as this to the public welfare requires that the court give a brief statement of the reasons leading to its conclusion and its action.

■ The contention that the proposed change constitutes an extension and abandonment of line was most ably and forcibly argued by counsel for complainants. Their allegations of fact in connection with the proposed new service were not disputed. Their conclusions and inferences to be drawn from those facts were disputed. After giving due weight and most careful consideration to the arguments advanced by complainants and the defendant, the court is of the opinion that the proposed new service does not constitute an extension or abandonment of line within the meaning of the acts of Congress relating to the Interstate Commerce Commission as interpreted by the decisions cited. This is the opinion of the court based on the pleadings and the arguments furnished. What the Interstate Commerce Commission might conclude based upon a more extensive argument and a complete investigation properly conducted is not for this court to say. The Interstate Commerce Commission will have an opportunity to pass upon the question if it so desires when the proposed tariff schedules are posted or filed with the Commission. They will have direct notice of the proposed changes, and, if they are of the opinion that the new service constitutes an extension and abandonment of line in fact, the Commission will no doubt make its own inquiry and its own ruling. This court cannot assume that the Commission will fail in its duty to the law or to the public.

For the court to grant a preliminary injunction at this time, implying thereby a reasonable belief that a permanent injunction later on would be warranted, would require the assumption that the Commission would fail in this respect. In the "Trucking Less-Than-Carload Freight in Lieu of Rail Service in Chicago District," 185 I. C. C. 71, decided May 20, 1932, the Commission held that motor truck or wagon transfer service performed in connection with terminal service by a rail carrier is subject to the jurisdiction of the Commission, and that an extension of the service and the rates therefor must be published with the Commission. The defendant in this case (Pennsylvania Railroad) recognizes the binding effect of that decision, and purposes to file its tariff schedules accordingly. Any opposition to the contemplated schedules will develop the details of the changes that the defendant proposes to adopt in the New York port area. The Commission will then have officially before it all of the facts of the case, and can decide it in accordance with its best judgment.

■ Congress has by legislation set forth to what extent the railroad interests of the country are subject to the control of the Interstate Commerce Commission. This court cannot go further in that respect than the enactments of the Congress by deciding that, in matters of economic management and improved service to the public as a whole, progressive railroad management must first submit its plans for the approval of the Commission. Any other viewpoint would constitute the Commission the actual directors of the railroads of the country. Congress has not so directed.

The court accordingly finds that the proposed changes do not constitute an extension or abandonment of the railroad line under the existing laws, and denies the injunction prayed for, and dismisses the bill of complaint.